IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARLIN RAFAEL RAMIREZ,

    Petitioner,

v.                                   No. 1:26-cv-01202-KG-GJF

GEORGE DEDOS, et al.,

    Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter comes before the Court on Petitioner Marlin Rafael Ramirez's Petition for Writ of Habeas Corpus. Doc. 1, and the Government's Response, Doc. 6. For the reasons below, the Court dismisses the petition without prejudice.

**I.    *Background***

Petitioner, a citizen of the Dominican Republic, entered the United States in 2006 when he was six years old. Doc. 6 at 2. He has since resided in the country with his mother, a citizen of the Dominican Republic and lawful permanent resident of the United States, and his younger brother, a United States citizen. Doc. 1 at 28–29. In October 2014, Petitioner was granted an employment authorization and was approved for deferred action for childhood arrivals ("DACA"). Doc. 6 at 2. He received successive renewals of his DACA referral and employment authorization from 2016 through 2022. *Id.*

In May 2021, following a raid at his workplace, Petitioner was arrested and charged with possession of a controlled substance with intent to distribute it. Doc. 6 at 2; Doc. 1 at 62. The charge was later dismissed after Petitioner completed a Pre-Trial Intervention program. Doc. 6

at 2; Doc. 1 at 62. In January 2023, Petitioner's renewal applications for his employment authorization and DACA referral were denied. Doc. 6 at 2.

On February 17, 2025, Petitioner was arrested pursuant to an administrative warrant. *Id.* He is currently detained in Torrance County Detention Facility in Torrance County, New Mexico. *Id.* On August 4, 2025, Petitioner was ordered removed to the Dominican Republic. *Id.* at 4. Petitioner appealed the immigration judge's order to the Board of Immigration Appeals ("BIA"). *Id.* The BIA affirmed the order of removal on January 22, 2026. *Id.* Petitioner has appealed the BIA's decision to the United States Court of Appeals for the Tenth Circuit. *Id.* at 5.

Petitioner now seeks release from detention, arguing that he has been unlawfully detained under 8 U.S.C. § 1225, and that his detention is unreasonably prolonged in violation of his due process rights. Doc. 1 at 6, 12, 15. The Government opposes the petition. *See* Doc. 6.

## II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    *Analysis*

Under the Immigration and Nationality Act ("INA"), "[o]nce an order of removal has become final, the authority governing a noncitizen's detention shifts" to 8 U.S.C. § 1231. *Munoz Teran v. Bondi*, 2026 WL 161527 at *6 (D.N.M.). When a noncitizen is ordered removed, the Government must execute the removal within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." § 1231(a)(2). The "removal period begins" when the removal order "becomes administratively

final." § 1231(a)(1)(B).  An order of removal becomes administratively final upon either (1) "a determination by the Board of Immigration Appeals affirming such order," or (2) "the expiration of the period" in which the noncitizen may appeal the order.  8 U.S.C. § 1101(a)(47)(B); *see also Riley v. Bondi*, 606 U.S. 259, 267 (2025).

Although the Government may continue to detain an "inadmissible" noncitizen beyond the 90-day removal period, *see* § 1231(a)(6), it may not detain them "indefinitely."  *Zadvydas*, 533 U.S. at 699.  A six-month detention is presumptively reasonable.  *Id.* at 701.  This presumptively reasonable period does not begin until the noncitizen is detained.  *See Callender v. Shanahan*, 281 F. Supp. 3d 428, 435 (S.D.N.Y. 2017) (stating that the presumptively reasonable period under *Zadvydas* "could not have begun until [the petitioner] was detained by ICE").  After six months, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Zadvydas*, 533 US. at 701.

Under these principles, Petitioner's detention is governed by § 1231.  Petitioner's order of removal became final on January 22, 2026, when the BIA affirmed the immigration judge's order of removal.  Doc. 6 at 5.  Therefore, Petitioner's detention remains lawful so long as the presumptively reasonable period of detention pending removal has not expired, and Petitioner's removal is reasonably foreseeable.

Here, the presumptively reasonable period has not yet elapsed.  The removal period began on January 22, 2026, when Petitioner's removal order became final.  *See* § 1231(a)(1)(B)(i).  Petitioner's approximately four-and-a-half-month confinement remains well within the six-month presumptively reasonable period under *Zadvydas*.  Accordingly, the Court denies the petition.

*IV.*    ***Conclusion***

Petitioner's Petition for Writ of Habeas Corpus, Doc. 1, is denied.  The Court dismisses

the petition without prejudice.  Petitioner may file a subsequent petition should the facts of his

detention change.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

4